UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONNA D. BANKS-BEY, | ) | CASE NO. 1:09 CV 1249 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ACXIOM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Donna D. Banks-Bey filed this *in forma pauperis* civil rights action against her former employer Acxiom, and the company's management staff: Christina Basmagy, Karan Caraballo, Bob Campbell, Sheryl Toth, and Lynette Whitney. Ms. Banks-Bey alleges the defendants breached an implied contract, engaged in racial discrimination against her, intimidation, harassment, fraud, retaliation and wrongful termination. She asserts this court's jurisdiction pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, 18 U.S.C. § 1512(b)(2)(B), 18 U.S.C. § 371 , 18 U.S.C. § 1001(a) and 18 U.S.C. 245(b)(1)(b), as well as supplemental state law jurisdiction. She is seeking lost wages, unspecified compensatory, punitive and liquidated damages, as well as any other legal and equitable relief the court may provide.

BACKGROUND

Ms. Banks-Bey was hired as a Customer Fulfillment Specialist in the Verification Department at Acxiom in March 2006. She asserts she was qualified for the position, but believed from past experience that on-going training sessions would be "implemented" by the defendants. She further believed that the Associate Agreement, Associate Support Handbook, "the Code of Ethics for all Associates and the Code of Ethics of the Directors defin[e] how the Defendants do business and treats [sic] others, conferred an agreement between employee and employer." (Compl. at 4.)

During her short tenure with Acxiom, Ms. Banks-Bey was "well regarded by her associates and peers, and by all accounts excelled in her role as a customer fulfillment specialist." (Compl. at 4.) For her first 3 months of employment, she received positive evaluations from her employer. The evaluation included defendants' "express . . . expectation for an increase in production numbers." (Compl. at 4.) Thereafter, she was given verbal instructions and assignments. A new directive included a requirement that she document any data entry errors made by her coworkers. Failure to comply with the directive could result in termination. Plaintiff expressed concern over this requirement to Ms. Whitney, explaining she feared it would create a hostile work environment by pitting her against her fellow employees. In the interim, plaintiff attempted to gain "further employment knowledge of these additional duties and clients." (Compl. at 4.)

Employees who were not members of a protected class were allegedly offered training classes and sessions on a regular basis. This was not provided to plaintiff, in spite of her requests. Attempts by the plaintiff to secure a response or receive an explanation from management were rebuffed. Any request or inquiry was ignored or disregarded. Conversely, non-members of a racially protected class were routinely provided explanations or instructions when they requested

help from management. Daily exposure to what she perceived as a hostile work environment, caused plaintiff to suffer emotional distress. At some point she went on medical leave, but returned in February 2007, only to be met with an additional work load. She believed this was in retaliation for taking medical leave, a reaction she claims was never directed at employees who were not in a protected class.

Management eventually suggested Ms. Banks-Bey "take a tour of the department" shortly before she was "placed on disciplinary probation, administered 'coaching sessions' and told to sit with other associates to see 'if you can pick up on anything that might help you.'" (Compl. at 5.) When "computer data was altered . . . all done with the full knowledge of the Defendants," Ms. Whitney, Sheryl Toth, Bob Campbell and Christine Basagmati allegedly refused to take corrective action or "insure the Plaintiff's ability to understand why these occurrences were taking place or to help Plaintiff to surpass these internal company problems." (Compl. at 5.) Instead, she was described as "lacking maturity, having little work experience, low performer, poor communicator who prefers drama over getting the work done" during her final evaluation in March 2007. This evaluation led to the termination of Ms. Banks-Bey's employment with Acxiom, effective July 19, 2007. (Compl. at 5.)

Further attempts to "intimidate and frighten" Ms. Banks-Bey were allegedly made by the defendants through on-line communications sent to her home. The nature of these communications is not clear. She claims only that "[t]hese actions created a threat to the Plaintiff's feelings of security at home." (Compl. at 6.) A copy of a Dismissal and Notice of Rights, dated March 9, 2009, from the Equal Employment Opportunity Commission (EEOC) is attached to the complaint.

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss claims under 28 U.S.C. §1915(e) if they fail to state a claim upon which relief can be granted, or lack an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed, in part, pursuant to section 1915(e).

CIVIL RIGHTS
42 U.S.C. § 1983

While many of Ms. Banks-Bey's claims may have arguable merit, the same cannot be said regarding her §1983 claims.  To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 liability is confined to a "person who, under color of [law] of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]....". 42 U.S.C. § 1983.  The real party in interest is not a government official, but

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

the government entity whose "policy or custom ... played a part in the [alleged] violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25(1991). Therefore, not only must she allege the deprivation of a right secured by the Constitution or laws of the United States, but the deprivation must be caused by a person acting under color of state law. *McQueen v. Beecher Comm. Schs.*, 433 F.3d 460, 463 (6th Cir.2006). Here, Ms. Banks-Bey fails to allege any state actor or entity exercised a government policy or custom which violated federal law. None of the defendants are government entities and, thus, are not subject to § 1983 liability. Therefore, plaintiff cannot sustain this action under §1983.

Based on the foregoing, plaintiff's motion to proceed *in forma pauperis* is granted. **Plaintiff's civil rights claims pursuant to 42 U.S.C. §1983, only, are dismissed** pursuant to 28 U.S.C. § 1915(e), and the court certifies that an appeal from their dismissal could not be taken in good faith.[1] The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process, **which must be perfected within 120 days of this order**. The Clerk's Office shall include a copy of this order in the documents to be served upon the defendant.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 9/16/09

---

[2] 28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."