UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Donna D. Banks-Bey,** | ) | **CASE NO. 1:09 CV 1249** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Acxiom, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon defendants' Partial Motion to Dismiss Plaintiff's Complaint (Doc. 12). This is an employment action. For the following reasons, the motion is GRANTED except as to Count Seven against Acxiom.

### Facts

Plaintiff, Donna D. Banks-Bey, proceeding *pro se,* filed this Complaint against defendants, Acxiom Corporation, Christina Basmagy, Karan Caraballo, Bob Campbell, Sheryl Toth, and Lynette Whitney (collectively, defendants). The Complaint alleges the following.

Plaintiff was hired by Acxiom as a Customer Fulfillment Specialist in the Verification

1

Department in March 2006. She was employed there until her termination on July 19, 2007. The named individual defendants are members of Acxiom's management staff.

Plaintiff was qualified for the position, but believed that on-going training sessions would be "implemented" by the defendants. She further believed that the Associate Agreement, Associate Support Handbook, the Code of Ethics for all Associates, and the Code of Ethics of the Directors "defin[ed] how the Defendants do business and treats [sic] others, [and] conferred an agreement between employee and employer."

During her short tenure with Acxiom, plaintiff was well regarded by her associates and peers and excelled in her position. She received a positive evaluation for her first three months of employment, although defendant expressed an expectation for an increase in production numbers.

Plaintiff was given verbal instructions and assignments. A new directive included a requirement that she document any data entry errors made by her co-workers. Plaintiff expressed concern over this requirement to defendant Whitney, explaining she feared it would create a hostile work environment by pitting her against her fellow employees. Plaintiff then attempted to gain "further employment knowledge of these additional duties and clients." Employees who were not members of a protected class were offered training classes and sessions on a regular basis.

Issues brought to management's attention by plaintiff were not addressed while those brought by non-members of the protected class were addressed. Daily exposure to a hostile work environment caused plaintiff to suffer emotional distress. At some point plaintiff went on medical leave and returned in February 2007.  She was met with an additional work load

in retaliation for taking the leave, a reaction that was never directed at employees who were not in a protected class.

Management eventually suggested that plaintiff "take a tour of the department, (not training) subsequently placed on disciplinary probation, administered 'coaching sessions' and told to sit with other associates to see 'if you can pick up on anything that might help you.' "

When "computer data was altered . . . all done with the full knowledge of the defendants," the latter refused to take corrective action or "insure the plaintiff's ability to understand why these occurrences were taking place or to help plaintiff to surpass these internal company problems."

An evaluation made in March 2007 described plaintiff as "lacking maturity, having little work experience, low performer, poor communicator who prefers drama over getting the work done." Plaintiff was given no good faith opportunities to achieve positive results and she was terminated effective July 19, 2007.

Following her termination, defendants continued to intimidate and frighten plaintiff through on-line communications sent to her home. Plaintiff thereafter filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and filed this Complaint after receiving a dismissal and notice of right to sue.

The Complaint sets forth 13 claims. Count One alleges "breach of implied in law contract." Count Two alleges deprivation of civil rights under § 1983. Count Three alleges conspiracy against rights under 18 U.S.C. § 241. Count Four alleges race discrimination under Title VII. Count Five alleges race discrimination under Ohio's anti-discrimination statute. Count Six alleges race discrimination under § 1981. Count Seven alleges retaliation

3

under 18 U.S.C. § 1512(b)(2)(B). Count Eight alleges disparate treatment under § 1981.  Count Nine alleges conspiracy to commit fraud under 18 U.S.C. § 371.  Count Ten alleges fraud under 18 U.S.C. 1001(a).  Count Eleven alleges fraud under Ohio Revised Code §§ 2921.11 and 2921.12.  Count Twelve alleges intimidation under  Ohio Revised Code § 2927.12.  Count Thirteen alleges intimidation under 18 U.S.C. § 245(b)(1)(B).

By previous Memorandum of Opinion and Order, this Court dismissed the § 1983 claim (Count Two).  This matter is now before the Court upon defendants' Partial Motion to Dismiss Plaintiff's Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff."  *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6th Cir. June 25, 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Twombly*, the court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

### Discussion

All defendants seek dismissal of Counts Three, Seven, Nine, Ten, Eleven, Twelve, and Thirteen.  Individual defendants Basmagy, Caraballo, Campbell, Toth, and Whitney seek dismissal of Counts One and Four against them as well.

As discussed below, Counts Three, Seven, Nine, Ten, Eleven, Twelve, and Thirteen fail to state a claim upon which relief can be granted because they are brought pursuant to criminal statutes for which their is no private right of action. *See Hamilton v. Reed,* 29 Fed.Appx. 202 (6th Cir.2002) ("These particular statutes concern criminal, rather than civil, offenses. Thus, a private cause of action may not be brought for the alleged violations of these federal statutes.")

Count Three alleges conspiracy against rights under 18 U.S.C. § 241.  This criminal statute does not provide a private cause of action. *Williams v. Flint Township Police Dept.*, 2009 WL 117837 (E.D.Mich. January 16, 2009) (internal quotations and citations omitted) ("The Court cannot grant Plaintiff's request for an investigation pursuant to 18 U.S.C. §§ 241-242, because generally, a private citizen has no authority to initiate a federal criminal

prosecution. Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983).")

Count Seven alleges retaliation under 18 U.S.C. § 1512(b)(2)(B) which also fails to state a claim.  *Whiteus v. Granholm*, 2008 WL 4185912 (E.D.Mich. September 5, 2008) (citations omitted) (Section 1512 does not give rise to a private right of action.)

Defendants argue that to the extent that plaintiff is attempting to assert a retaliation claim under Title VII, plaintiff did not exhaust her administrative remedies by filing an EEOC charge as to this claim.  Before bringing a Title VII claim in federal court, a plaintiff must raise the claim in a discrimination charge filed with the EEOC.  *See Hollimon v. Shelby County Government,* 325 Fed. Appx. 406 (6th Cir. 2009)(citations omitted).  This Court only has a copy of the EEOC's dismissal and notice of right to sue letter to plaintiff which does not indicate whether or not plaintiff included a retaliation claim in her charge.  The Court does not have a copy of the actual EEOC charge filed by plaintiff and, therefore, does not know whether she alleged such a claim therein.  Assuming the plaintiff alleged a Title VII retaliation claim in her Complaint, dismissal is not warranted at this point pending evidence of the EEOC charge.

Count Nine alleges conspiracy to commit fraud under 18 U.S.C. § 371. Dismissal of this claim is warranted.  *Hurst v. Voinovich,* 1996 WL 636167 (6th Cir. Oct. 30, 1996) ("18 U.S.C. § 371 does not contain a private right of action.")

Count Ten alleges fraud under 18 U.S.C. 1001(a) which also fails to state a claim.  *See Anderson v. Wiggins*, 460 F.Supp.2d 1 (D.D.C. 2006) ("Private causes of action are also precluded for the criminal statutes located at 18 U.S.C. §§ 1001...") Count Eleven alleges

6

fraud under Ohio Revised Code §§ 2921.11 and 2921.12. Neither does that criminal statute create a civil cause of action. *Replogle v. Montgomery County, Ohio,* 2009 WL 2047049 (S.D.Ohio July 13, 2009).

Count Twelve alleges intimidation under Ohio Revised Code § 2927.12. Count Thirteen alleges intimidation under 18 U.S.C. § 245(b)(1)(B). Again, there is no private right of action for these criminal statutes. *Howard v. Ohio Supreme Court*, 2008 WL 148890 (S.D.Ohio January 14, 2008).

For the foregoing reasons, Counts Three, Nine, Ten, Eleven, Twelve, and Thirteen are dismissed for failure to state a claim.

Individual defendants Basmagy, Caraballo, Campbell, Toth, and Whitney seek dismissal of Counts One and Four. For the following reasons, dismissal is warranted.

Count One alleges "breach of implied in law contract." In Ohio, the common law doctrine of employment at will generally governs employment relationships. Ohio recognizes exceptions to this doctrine, one of which is an implied contract wherein the parties mutually assente to something other than at-will employment. *Brooks v. Miami Valley Hosp.*, 2009 WL 4986107 (Ohio App. 2nd Dist. December 23, 2009). Count One alleges an implied agreement between "defendant and plaintiff." Earlier plaintiff references an "Associate Agreement, Associate Support Handbook, the Code of Ethics for all Associates, and the Code of Ethics of the Directors." While plaintiff may have alleged an implied contract against her employer, Acxiom, she has not identified one as to the individual defendants who are members of the management staff of defendant Acxiom. Accordingly, this claim as dismissed as to the individual defendants.

7

Count Four alleges race discrimination under Title VII.  "The law is clear in this circuit that individual liability may not be imposed on an employee, provided that the employee himself cannot be classified as an "employer," under Title VII."  *Bangas v. Potter,* 145 Fed.Appx. 139 (6th Cir. 2005) (citing *Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 405 (6th Cir.1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.") ) Because the individual defendants consisted  merely of the "management staff," they are not considered plaintiff's "employer" and cannot be held liable under Title VII.  Thus, this claim is dismissed as to them.  Additionally, to the extent that Count Seven alleges a Title VII claim and survives dismissal, it is dismissed as to the individual defendants.

**Conclusion**

For the foregoing reasons, defendants' Partial Motion to Dismiss is granted except as to Count Seven against Acxiom.  The following claims remain: Count One as to Acxiom (impled contract), Count Four as to Acxiom (Title VII race discrimination), Count Five as to all defendants (race discrimination under Ohio law), Count Six as to all defendants (race discrimination under § 1981), Count Seven as to Acxiom (Title VII retaliation), and Count Eight as to all defendants (disparate treatment under § 1981).

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
 PATRICIA A. GAUGHAN
 United States District Judge

Dated: 1/27/10